**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Melody Daniels, | NO. C 09-05869 JW |
| Plaintiff, | **ORDER TO SHOW CAUSE RE: REMAND** |
| v. | |
| World Wide Tracers, Inc., | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint.[1] The Court conducted a hearing on March 15, 2010. In light of the discussion at the hearing, the Court *sua sponte* raises the issue of its subject matter jurisdiction over this removed action. In particular, although the Complaint alleges a "nationwide" class pursuant to California Code of Civil Procedure § 382, Plaintiff's counsel stated at the hearing that Plaintiff seeks to represent a class of California consumers. (See Notice of Removal at 2, Ex. A.) Since whether the putative class is composed only of California consumers may affect the Court's subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d)(2), the Court finds it appropriate to invite further briefing on the issue of its subject matter jurisdiction.[2]

---

[1] (Defendant World Wide Tracers, Inc.'s Amended Notice of Motion and Motion to Dismiss Pursuant to Federal Rules of Civil Procedure Rule 12(b)(6), Docket Item No. 16.)

[2] See Weaver v. Nestle, USA, Inc., No. C 08-03636 JSW, 2008 WL 5453734 (N.D. Cal. Oct. 30, 2008); Johnson v. Advance Am., 549 F.3d 932 (4th Cir. 2008); Dennison v. Carolina Payday Loans, Inc., 549 F.3d 941 (4th Cir. 2008).

Accordingly, on or before **March 24, 2010**, the parties shall each file a supplemental brief addressing the following issues:

(1) If the class is composed of only California consumers, does the Court have subject matter jurisdiction under CAFA?

(2) To the extent that Plaintiff is attempting to represent a nation-wide class, whether the California statutory and common law claims asserted in the Complaint may be applicable to out of state class members.[3]

Dated: March 17, 2010

JAMES WARE
United States District Judge

---

[3] For example, in a recent ruling, the Ninth Circuit Court of Appeals certified to the California Supreme Court the question of whether "[California Business and Professions Code] Section 17200 appl[ies] to overtime work performed outside California for a California-based employer by out-of-state plaintiffs." Sullivan v. Oracle Corp., 557 F.3d 979, 983 (9th Cir. 2009). In so holding, the court stated that there "will [be] considerable practical importance" to the answers given by the California Supreme Court. Id. Although Sullivan dealt with issues associated with the application of the UCL to out-of-state employees of California corporations, the Court finds Sullivan analogous to the present case because both cases involve extraterritorial application of California statutory law to out of state plaintiffs, in suits brought against a California corporation.

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Gene J. Stonebarger gstonebarger@stonebargerlaw.com
William Edward Pallares pallares@lbbslaw.com
Karl Robert Loureiro loureiro@lbbslaw.com

**Dated: March 17, 2010**                             **Richard W. Wieking, Clerk**

                                                      **By:     /s/ JW Chambers**
                                                             **Elizabeth Garcia**
                                                             **Courtroom Deputy**